## SNOWDEN ET AL. *vs.* J. B. & P. G. CAMDEN.

Plaintiffs sued out a *scire facias* on a recognizance of appeal. At the return term, the Circuit Court permitted the original judgment and recognizance to be amended on motion of the plaintiff. The defendants then plead *nul tiel record,* and issue was joined thereon. Upon the trial of this issue the defendants objected to the reading of the judgment and recognizance, because the amendments were improperly made : *Held,* That the objection was not taken in time. The defendants should have objected at the time the amendments were made, and saved their objections by a bill of exceptions.

### ERROR to Carroll Circuit Court.

Stringfellow, *for Plaintiff in Error.*

1. The court erred in admitting as evidence the judgment in favor of J. B. and M. Camden & Co., and the amendment thereof; the amendment being made in this case, not only after one term, but after a lapse of two years from the judgment.

2. The court erred in admitting in evidence the recognizance to J. B. & P. Camden & Co., with the amendment thereof, for the same reason as above, and with greater force, if possible, securities thus being made responsible to strangers. We insist that this is error.— See Ashley *vs.* Glasgow, 7 Mo. Rep., 320.

3. The certified copy of the judgment of the Supreme Court was not evidence. The whole record of the Supreme Court was necessary to show jurisdiction of the cause, and it should have been certified: a mere part thereof is no evidence, and the copy of the judgment ought not to have been received.

4. There being no legal evidence, the court erred in·overruling the motion for a new trial.

5. The court erred in overruling motion in arrest of judgment.

Leonard *and* Bay, *for Defendants in Error.*

1. The points relied on by the plaintiffs in error, in relation to the amendments and the transcript of the judgment of the Supreme Court, do not arise in this cause. The only plea is, *nul tiel record;* and, of course, the only matter in issue was, whether there was such a record as the plaintiff below alleged. The propriety or impropriety of the amendments, and the sufficiency of the transcript, were not in issue; besides, the plaintiffs in error did not except to the judgment of the court in permitting the amendments to be made, but on the trial excepted to the judgment of the court in permitting the amendments to be read in evidence.

2. Admitting that the question of the propriety of the amendments was involved in the issue, the defect in the record and *scire facias* could be supplied, and the amendments made under the provisions of the 7th and 8th secs. of the 6th art. of the act relating to practice at law, R. S., 1835, p. 468, 469; Hunt *vs.* Reynolds, 3 Cowen, 42; Mitchelton *vs.* Sparks, 1 Scammon, 122.

Napton, J., *delivered the opinion of the Court.*

This was a *scire facias* on a recognizance entered into by the plaintiffs in error to John B. & Peter G. Camden & Co. The *scire facias* recited the original judgment, the recognizance, and the judgment of the Supreme Court on the appeal. The writ was served upon all the defendants; and at the return term thereof, the plaintiffs below asked leave to amend the record of the original judgment and recognizance, by inserting in the first line of said judgment the words, "John B. Camden and Peter G. Camden," instead of "J. B. and M. Camden;" and in the sixth line of said judgment, the word "defendants" instead of "defendant;" and the same in the tenth line. The plaintiffs also moved to amend the recognizance, by inserting the words "John B. Camden and Peter G. Camden," instead of "John B. and P. Camden and Co.," which amendments were made accordingly. The defendants pleaded *nul tiel record,* and on this issue the plaintiffs read in evidence a copy of the record of the Supreme Court, affirming the judgment of the Carroll Circuit Court, to the· reading of which the defendants objected; but the court allowed the same to be read, and the defendants excepted, and saved their

exceptions. The plaintiffs also read the original judgment and recognizance taken in said Carroll Circuit Court, with the amendments thereto, to which objections were made and overruled, and the opinion of the court excepted to.

The verdict was for the plaintiffs below, and the defendants moved for a new trial, and in arrest of judgment. These motions were overruled, and the cause is brought here by writ of error.

The errors assigned are, that the court below improperly allowed the record of the original judgment, and the amendments thereto, to be given in evidence. That the court also erred in permitting the amended recognizance to be given in evidence; and that it was also error to allow the record of the judgment of this court in evidence. The two first are objected to as inadmissible, because the amendments were improperly allowed; and the copy of the record of the Supreme Court is objected to, because it was not a full transcript of all the proceedings of said court in that cause, but a copy of the judgment only.

In relation to the two first errors, we observe, that the amended records given in evidence are not objected to because of any variance from the records set out in the *scire facias*, but because the amendments were improperly allowed. If the plaintiffs in error wished to have the opinion of this Court in relation to the propriety of the amendments, they should have objected to them at the time they were made. The bill of objections should have preserved this fact, and also the entire record of the proceedings on which the original judgment was founded, in order that we might examine whether such amendments were legally made. The amendments seem to consist entirely of a change of the names of the parties: whether such mistakes would be clerical, and therefore within the powers conferred by our statute (Rev. Code, 1835, p. 468, 469), or whether they affected the right of the parties, and therefore not amendable after the term, could only be seen by an inspection of the entire record. The point is not saved.

The same may be said in relation to the sufficiency of the record of the judgment of this Court. The record of this judgment corresponds with the one declared on, and it was clearly sufficient on the plea of *nul tiel record.* If the *scire facias* was defective in not setting forth all the proceedings of the said court previous to the judgment, the defendants should have demurred : the defect certainly is not such an one as can be taken advantage of on writ of error.

Judgment affirmed.